1

2

3

4

5

6                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
7                                        AT SEATTLE

8     TALAMEO S. ALAIMALEATA,                        CASE NO. C24-5680JLR

9                         Plaintiff,                 ORDER

10        v.

11    COMMISSIONER OF SOCIAL
      SECURITY,
12

13                        Defendant.

14

                              I.      INTRODUCTION
15

16        Plaintiff Talameo Alaimaleata seeks review of the decision of an administrative

17   law judge ("ALJ") denying her application for a period of disability and disability

18   insurance benefits.  The court has reviewed the administrative record (AR (Dkt. # 7));

19   Plaintiff's submissions (Compl. (Dkt. # 4); Br. (Dkt. # 9); Reply (Dkt. # 17)); Defendant

20   Commissioner of Social Security's (the "Commissioner") response (Resp. Dkt. # 16); and

21

22

23

ORDER - 1

1    the applicable law.  Being fully advised,[1] the court REVERSES the ALJ's decision and

2    REMANDS the case for further administrative proceedings consistent with this opinion.

3                        II.    BACKGROUND

4         Plaintiff was born in 1962, has a high school education, and worked as an

5    administrative assistant.  (AR 865, 1177-79).  She ceased this employment in December

6    2017.  (AR 163.)  On May 29, 2018, Plaintiff applied for a period of disability and

7    disability insurance benefits, alleging a disability beginning on December 31, 2017.[2]

8    (AR 15, 741.)

9

10        On February 15, 2024, the ALJ conducted a hearing and took testimony from

11   Plaintiff and a vocational expert.  (*See* AR 771-91.)  Before Plaintiff testified, the ALJ

12   noted that Plaintiff had reported earnings during "all of 2021 and a good portion of

13   2022."  (AR 777.)  The ALJ inquired about how these earnings affected Plaintiff's

14   disability claim, and Plaintiff's counsel responded by requesting to submit argument on

15   the reported earnings after the hearing.  (AR 777.)  The ALJ granted the request, stating

16   as follows:  "I will permit that.  It was not my intent to catch you off guard or

17

18        [1] The parties do not request oral argument.  (*See* Br. at 1; Resp. at 1.)  The court
     concludes that oral argument is not necessary to decide this appeal.  *See* Local Rules W.D. Wash.
19   LCR 7(b)(4); *see also* 42 U.S.C. § 405(g) (authorizing reviewing courts to enter judgment "upon
     the pleadings and transcript of the record").

20        [2] After a hearing, on March 4, 2020, an ALJ determined that Plaintiff was not disabled.
     (AR 22.)  Plaintiff sought judicial review of the ALJ's decision.  (AR 815-16.)  And, on June 30,
21   2021, pursuant to a stipulated motion to remand, the action was remanded for the ALJ to "update
     the record and offer the [Plaintiff] a de novo hearing; re-assess the medical
22   evidence . . . re-weigh the [Plaintiff's] allegations, as necessary; and continue with the remaining
     steps of the sequential evaluation[.]"  (AR 117, 119-21; *see also* AR 829-31 (order of Social
23   Security Administration Appeals Council remanding case with additional instructions).)  The
     2020 hearing and 2021 remand are not at issue here.

ORDER - 2

anything . . . I'll give you a chance to consult with your client and make a written statement or argument about that post-hearing." (AR 777.)

After that exchange, Plaintiff testified that she received earnings during and after 2021 from the Department of Social and Health Services, through the Consumer Direct Care Network, for taking care of her elderly mother. (AR 779-80.) Plaintiff testified that, during that time, she did chores, cooked, and cleaned for her mother. (AR 780.) She also testified that her husband helped her take care of her mother and that she needed his help. (AR 790; *see also* AR 781 (testifying that she asked her husband for help, including when she was sick, when she could not bend down, and when she needed assistance driving her mother to appointments).) At the end of the hearing, the ALJ reiterated that he would hold the record open for one week to allow, in pertinent part, Plaintiff's counsel "an opportunity to discuss with [Plaintiff] the more recent earnings history and how you may want to manage that." (AR 789.)

On February 22, 2024, Plaintiff's counsel sent the ALJ a letter arguing that the ALJ should discount Plaintiff's earnings from taking care of her mother in determining Plaintiff's substantial gainful activity ("SGA"), because Plaintiff's disability prevented her from caring for her mother well and without assistance. (AR 1218-20.) As supporting evidence, Plaintiff's counsel attached a third-party function report completed by Plaintiff's husband (AR 1210-17), and a declaration by Plaintiff's mother (AR 1222-23). Plaintiff's counsel also informed the ALJ that Plaintiff would "appreciate the opportunity to comment on any additional evidence that may be added to the record." (AR 1220.)

ORDER - 3

On March 11, 2024, the ALJ notified Plaintiff that he obtained additional evidence concerning Plaintiff's earnings that he proposed to enter into the record. (AR 1053.) He advised Plaintiff that she may request a supplemental hearing and that he would grant the request unless he decides to issue "a fully favorable decision." (AR 1053.)

On March 14, 2024, Plaintiff's counsel replied to the ALJ to: (1) indicate that Plaintiff did not object to the additional evidence; (2) assert that the additional evidence was consistent with the evidence Plaintiff had provided after the hearing; and (3) "request a supplemental hearing if a fully favorable decision cannot be issued on the basis of these new and material documents." (AR 1056-57.)

The ALJ did not hold a supplemental hearing. (*See generally* AR.) Instead, on April 29, 2024, the ALJ issued an unfavorable decision concluding that Plaintiff was not disabled. (*See* AR 740-60.) The ALJ evaluated Plaintiff's disability claim using the five-step disability evaluation process.[3] (AR 743-52.) Relevant here, at step one, the ALJ found that Plaintiff had engaged in SGA during 2021 and during the third and fourth quarter of 2022. (AR 744.) Specifically, the ALJ explained that (1) Plaintiff's testimony at the hearing failed to show that she did not engage in SGA by taking care of her mother; and (2) although the record was left open after the hearing, Plaintiff failed to submit any additional briefing, explanation, or records concerning her SGA:

> [Plaintiff] confirmed at the February 2024 hearing that she received wages through [the] Department of Social and Health Services [("DSHS")] and Consumer Direct Care Network, taking care of her mother, and doing chores like cooking and cleaning. [Plaintiff] testified that she received some help in taking care of her mother,

---

[3] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 4

particularly when [Plaintiff] was sick or when [Plaintiff] could not bend down.  When her mother was sick, her husband also could help take her [mother] to appointments, and take her shopping when [Plaintiff] was sick.  However, this level of assistance does not suggest the claimant was working [] in a sheltered or special environment . . . .

[T]he record was left open for 1 week post-hearing in order to add earnings records, updated medical records, and a possible briefing to account for post-alleged onset date earnings and/or information.  The claimant and her representative were provided an opportunity to provide an explanation/amended onset based on significant earnings after [the] alleged onset date, but no additional records were received.

(AR 744.)  Accordingly, the ALJ concluded that Plaintiff was not disabled during this period.[4]

## III.    DISCUSSION

The court first discusses the standard of review and then addresses the parties' arguments.

### A.    Standard of Review

After an ALJ renders a final decision on a claim for social security disability insurance benefits, a claimant may obtain judicial review by filing a civil action in a district court.  42 U.S.C. § 405(g).  The court may affirm, modify, or reverse the ALJ's decision, with or without remanding the action for a rehearing.  *Id.*

---

[4] An ALJ will stop at step one and find the claimant not disabled if the claimant engaged in SGA, regardless of the claimant's medical condition, age, education, or work experience.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 404.1571; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) ("If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps.").  The ALJ here also analyzed the other steps of the five-step process as to a separate time period, during which he found that Plaintiff did not engage in SGA.  (*See* AR 744-52.)  That period, however, and the ALJ's conclusions at the other steps concerning that period, are not at issue.  (*See generally* Br.; Resp.; Reply.)

ORDER - 5

A court will not disturb the ALJ's decision unless the decision is based upon legal error or not supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 & n.1 (9th Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]").  As to legal error, courts apply harmless error principles and will uphold an ALJ's decision where an error "is inconsequential to the ultimate non[-]disability determination[.]" *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014).  Courts look to "the record as a whole to determine whether the error alters the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

As to substantial evidence, courts require "more than a mere scintilla" of evidence in the record, "but less than a preponderance[.]" *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)); *see also id.* (explaining that substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion").  A reviewing court "must consider the entire record as a whole[,]" *id.* (quoting *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014)), and must "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record[,]" *Treichler*, 775 F.3d at 1099.  Put another way, courts will uphold the ALJ's decision where the evidence "is susceptible to more than one rational interpretation" and one of those interpretations supports the ALJ's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

ORDER - 6

1

## B. Failure To Develop The Record

2

   In disability proceedings, the ALJ has "a special duty to fully and fairly develop

3

the record and to assure that the claimant's interests are considered." *Widmark v.*

4

*Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Brown v. Heckler*, 713 F.2d 411,

5

443 (9th Cir. 1983)); *see also Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992)

6

(noting that "the ALJ is not a mere umpire" at a social security disability proceeding and

7

that the ALJ has "an independent duty to fully develop the record").  When an ALJ

8

encounters ambiguous or conflicting evidence or makes a finding that the record is

9

inadequate, the ALJ must conduct an appropriate inquiry.  *See White v. Kijakazi*, 44 F.4th

10

828, 836 (9th Cir. 2022); *Tonapetyan v. Halter*, 242 F.3d 1144,1150 (9th Cir. 2001).  The

11

ALJ may discharge this duty in several ways, including by continuing the hearing or

12

keeping the record open after the hearing to allow the parties to supplement the record.

13

*Id.*  If the ALJ fails to develop the record and the error is not harmless, the court must

14

remand the case to the ALJ for additional development or analysis, as appropriate.  *See,*

15

*e.g.*, *Buck v. Berryhill*, 869 F.3d 1040, 1052 (9th Cir. 2017); *Celaya v. Halter*, 322 F.3d

16

1177, 1183 (9th Cir. 2003).

17

   Plaintiff argues that the ALJ failed to develop the record by holding the hearing

18

open to receive additional relevant evidence on Plaintiff's SGA, receiving such evidence,

19

and then failing to consider the evidence in rendering a decision that was unfavorable to

20

Plaintiff.  (Br. at 7-8; Reply at 4-5.)  For several reasons, the court concludes that the ALJ

21

erred and that the error was not harmless.

22

23

ORDER - 7

1

2    First, the evidence Plaintiff submitted after the hearing spoke directly to the

step-one issue of whether Plaintiff engaged in SGA.  SGA is work that is both

3
"substantial" and "gainful[,]" meaning that it:  (1) "involves doing significant physical or

4
mental activities[,]" even if it is done on a part-time basis; and (2) is done for pay or

5
profit, or is "the kind of work usually done for pay or profit, whether or not a profit is

6
realized."  20 C.F.R. § 404.1572.  In assessing SGA, an ALJ may consider a variety of

7
factors including the nature of the work that the claimant performed; how well the

8
claimant performed the work; any supervision or assistance received by the claimant;

9
whether the claimant worked in special conditions or with accommodations that took into

10
account the claimant's impairment; whether the claimant was forced to stop or reduce his

11
or her work; and the time that the claimant spent working.  *See* 20 C.F.R. § 404.1573.

12
    "[T]here is a presumption of SGA if the applicant earns over the amount specified

13
in the guidelines."[5]  *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990); *see also* 20

14
C.F.R. §§ 404.1574(a) (providing that, generally, working for substantial earnings means

15
that a claimant is able to perform SGA), 404.1574(b) (earnings guidelines), 404.1575(c)

16
(earnings guidelines for self-employed claimants).  A claimant, however, may rebut this

17

18

19

20        [5] The ALJ only considers earnings that are "directly related" to the claimant's
productivity and does not consider earnings that "exceed the reasonable value" of the work
21   performed.  20 C.F.R. § 404.1574(a)(2).  If a claimant's work is effectively being subsidized, the
ALJ will determine whether the claimant was being paid more than the reasonable value of the
22   actual services performed and will then subtract the value of the subsidy from the claimant's
gross earnings to calculate SGA.  *Id.*  The ALJ also deducts the cost of items and services that
23   the claimant both needs and uses to perform the work.  *See* 20 C.F.R. §§ 404.1574(b)(1),
404.1576.

1    presumption, including with evidence of an "inability to be self-employed or to perform

2    the job well," or evidence of a need for special assistance.  *Keyes*, 894 F.2d at 1056.

3         Plaintiff's post-hearing evidence directly related to the SGA analysis because it

4    formed part of Plaintiff's effort to rebut the presumption created by her earnings.

5    Specifically, her post-hearing evidence included a report from her husband that Plaintiff

6    cannot lift more than 20 pounds; cannot do laundry, because she is unable to take

7    clothing downstairs to their laundry room; cannot walk for more than 13 feet before

8    needing to rest; and needs reminders to prepare food for her mother because Plaintiff

9    experiences brain fog and takes medication that makes her sleep.  (AR 1210, 1212-17.)

10   Plaintiff's post-hearing evidence also included a declaration from Plaintiff's mother

11   stating that Plaintiff could not perform required caregiver tasks—including wound care,

12   assisting with mobility and transfers, and preparing meals—without assistance from her

13   husband and other family members.  (AR 1222-23.)

14        Second, Plaintiff's post-hearing evidence was not merely cumulative of Plaintiff's

15   testimony at the hearing.  At the hearing, Plaintiff testified only that she asks her husband

16   for help when she cannot bend down because of her back pain, and that her husband

17   sometimes takes her mother to medical appointments.  (AR 781-82.)  Although Plaintiff

18   mentioned that she has memory problems, she did not testify as to whether her memory

19   interfered with her ability to care for her mother.  (AR 783-84.)  Additionally, Plaintiff

20   did not testify to the full extent of her duties in caring for her mother.  (*Compare* AR 780

21   (testifying that Plaintiff did chores, cooked, and cleaned for her mother), *with* AR

ORDER - 9

1222-23 (post-hearing evidence that Plaintiff was responsible for wound care and

assisting with mobility and transfers, and that her husband had to assist with those tasks).)

Third, the record demonstrates that the ALJ solicited Plaintiff's post-hearing

evidence and argument concerning her SGA, received it, and then entirely failed to

consider it in assessing Plaintiff's SGA. After the February 2022 hearing, Plaintiff

submitted two requests for a supplemental hearing to address post-hearing evidence.

(AR 1220, 1056-57.) The record does not explain why the ALJ did not provide the

requested supplemental hearing, particularly considering that the ALJ stated that he

*would* provide a supplemental hearing upon request. (AR 1053.) Moreover, the ALJ's

decision reflects that the ALJ failed to consider Plaintiff's post-hearing evidence in his

SGA analysis. On multiple occasions, the ALJ's decision erroneously states that the ALJ

held the record open for one week to allow Plaintiff to submit additional explanation and

evidence, "but no additional records were received." (AR 741, 744.) Indeed, in

assessing Plaintiff's SGA, the decision does not cite to or otherwise describe Plaintiff's

post-hearing evidence. (*See* AR 744 (mentioning only Plaintiff's testimony in the

step-one analysis, without discussing post-hearing statements from her mother and

husband).) Moreover, although the exhibit list at the end of the decision listed Plaintiff's

post-hearing submissions, it failed to include a notation—which was used elsewhere—

that the submissions were received after the hearing. (*Compare* AR 756 (noting that

exhibits were received "[s]ubsequent to hearing"), *with* AR 759 (no notation after

exhibits 36E, 37E, and 38E, even though Plaintiff submitted these exhibits after the

hearing).)  Accordingly, the record reveals that the ALJ did not consider Plaintiff's

post-hearing evidence in assessing Plaintiff's SGA at step-one of the sequential analysis.

In sum, the court concludes that the ALJ erred in failing to develop the record by

soliciting, and then failing to consider, post-hearing evidence concerning Plaintiff's SGA.

Because this caused the ALJ to omit from consideration significant, non-cumulative

evidence concerning Plaintiff's SGA, the court concludes that the error was not

inconsequential to the non-disability determination and, therefore, was not harmless

here.[6]

**IV.    CONCLUSION**

For these reasons, the Commissioner's final decision is REVERSED, and this case

is REMANDED for further administrative proceedings.  On remand, the ALJ should:

(1)  Assess and address the evidence that Plaintiff submitted after the February 22,

2022 hearing concerning her SGA (*see* AR 1210-24);

(2)  Reassess Plaintiff's testimony at the February 22, 2022 hearing concerning her

SGA;

(3)  Permit Plaintiff to submit additional argument concerning her SGA;

//

//

//

---

[6] Because the court concludes that the error was not harmless, the court declines to consider the Commissioner's remaining arguments. *See Mick D. v. Comm'r*, No. C24-5864DWC, 2025 WL 1291466, at *5 (W.D. Wash. May 5, 2025).

ORDER - 11

(4)  Redetermine Plaintiff's SGA as needed; and

(5)  Proceed to the remaining steps of the disability determination as appropriate.

Dated this 15th day of May, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 12